**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID O. BENNETT,

      Plaintiff - Appellant,

    v.

WILLIAM J. HENDERSON,
Postmaster General, United States
Postal Service,

      Defendant - Appellee.

No. 98-3271

D. Kansas

(D.C. No. CV-97-2151-JWL)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

David O. Bennett appeals an adverse summary judgment entered by the magistrate court in Mr. Bennett's Rehabilitation Act claim against William J. Henderson, Postmaster General of the United States Postal Service. Although Mr. Bennett's pro se brief on appeal is virtually incomprehensible, our review of the entire file reveals that the essence of his complaint is that the defendant violated the Rehabilitation Act, 29 U.S.C. § 791, <u>et seq.</u>, when he failed to reassign Bennett to another job, or to otherwise reasonably accommodate him, after it became apparent that Bennett could no longer perform the job which he had been assigned. He also claims that the defendant unlawfully retaliated against him for filing a complaint with the Equal Employment Opportunity Commission.

The magistrate court addressed all of Mr. Bennett's contentions in a thorough Memorandum and Order entered August 7, 1998. After careful review of Mr. Bennett's contentions under the Act, and applying our usual standards of review with respect to summary judgments, we conclude that the magistrate court did not err either with respect to the reasonable accommodation/reassignment claims, the retaliation claims, or other claims made by Mr. Bennett.

Accordingly, the judgment of the magistrate court is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge